IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MARILYN B. BRANHAM,<br>          *Plaintiff*,<br><br>    v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br>          *Defendant*. | CASE NO. 6:11–cv–00027<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on the parties' cross Motions for Summary Judgment (docket nos. 13 and 18), the Report & Recommendation of United States Magistrate Judge Robert S. Ballou (docket no. 22, hereinafter "R&R"), Plaintiff's Objections to the R&R (docket no. 24), and the Commissioner of Social Security's ("Commissioner" or "Defendant") Response thereto (docket no. 25). Pursuant to Standing Order 2011 – 17 and 28 U.S.C. § 636(b)(1)(B), the Court referred this matter to the Magistrate Judge for proposed findings of fact and a recommended disposition. (docket no. 6.) The Magistrate Judge filed his R&R, advising this Court to deny Plaintiff's Motion for Summary Judgment, and grant the Commissioner's Motion for Summary Judgment. Plaintiff timely filed her Objections, obligating the Court to undertake a de novo review of those portions of the R&R to which objections were made. *See* 28 U.S.C. § 636(b)(1)(B); *Farmer v. McBride*, 177 F. App'x 327, 330 (4th Cir. 2006). For the following reasons, I will overrule Plaintiff's Objections and adopt the Magistrate Judge's R&R in full.

# I. BACKGROUND

On January 27, 2010, Plaintiff Marilyn B. Branham ("Plaintiff") protectively filed an application for Disability Insurance Benefits ("DIB") and an application for Supplemental Security Income ("SSI") payments under Titles II and XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 401–433, 1381–1383f. Plaintiff's last insured date was December 31, 2007, and thus to receive DIB benefits, she must show that her disability began before that date and existed for twelve continuous months. 42 U.S.C. § 423(a)(1)(A), (C)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a). To receive SSI benefits, Plaintiff must show that her disability began on or after the date she applied for benefits. 42 U.S.C. § 1383(a)(1); 20 C.F.R. § 416.501.

Plaintiff was born on July 22, 1972, and she was thirty-seven years old at the time she filed her January 2010 applications. Plaintiff claimed that her disability began on August 31, 2007, due to problems with her neck, back, left leg, and heel. (R. 160.) Plaintiff stated that the combination of back and leg pain, along with significant palsy, has prevented her from working since her stated date of disability. Plaintiff reported that, during the relevant period of her alleged disability, she has spent much of her time taking care of her children and doing light chores at home. (R. 7-9.) This Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## A. The ALJ Decision

The state agency denied Plaintiff's application at the initial and reconsideration levels of administrative review (R. 52), and on April 25, 2011, Administrative Law Judge ("ALJ") Marc Mates held a hearing to consider Plaintiff's disability claim. (R. 13.) Plaintiff was represented by counsel, and an independent vocational expert testified as well. During the hearing, Plaintiff testified that she suffers from chronic neck, back, and left leg pain. Plaintiff testified that, due to

her ailments, she can stand or sit for only about twenty minutes at a time. Plaintiff also stated that she cannot lift over ten pounds, she can only perform small tasks at home, and that she cannot sleep through the night due to pain. (R. 18.)

Determining disability, and thus eligibility for Social Security benefits, involves a five-step inquiry. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). In this process, the Commissioner asks whether (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, Subpart P; (4) the claimant is able to perform her past relevant work; and (5) the claimant can perform other specific types of work. *Johnson v. Barnhart*, 434 F.3d 650, 653 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The claimant has the burden of production and proof in Steps 1–4. *See Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992) (per curiam). At Step 5, however, the burden shifts to the Commissioner "to produce evidence that other jobs exist in the national economy that the claimant can perform considering h[er] age, education, and work experience." *Id.* If a determination of disability can be made at any step, the Commissioner need not analyze subsequent steps. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

First, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2007, and that Plaintiff had not engaged in substantial gainful activity since August 31, 2007. Second, the ALJ found that Plaintiff suffers from a degenerative disk disease, nerve irritations in her left lower extremity, and bilateral plantar fasciitis. However, the ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not credible, to the extent that they were inconsistent with the ALJ's residual

functional capacity assessment. (R. 18.) Based on the medical evidence on record, the ALJ concluded that Plaintiff retained the ability to perform a range of light work, as defined in 20 CFR 404.1567(b) and 416.967(b), with the exceptions that Plaintiff (1) cannot push/pull with her left lower extremity more than occasionally; (2) cannot climb ladders/ropes/scaffolds; and (3) must avoid concentrated exposure to temperature extremes, wetness, humidity, noise, vibration, fumes, odors, dusts, gases, and poor ventilation. (R. 17.)

Plaintiff has a high school education (R. 21, 32), and her past relevant work experience includes work as a cleaner, which is unskilled medium work, and work as an envelope stuffer and waitress, which are both unskilled light work. (R. 21, 33.) The ALJ found that Plaintiff can perform her past work as an envelope stuffer and a waitress, as well as other unskilled light jobs (including domestic cleaner, cashier, and production inspector), and unskilled sedentary jobs (such as a telemarketer, receptionist, and customer service representative). (R. 22.) On July 15, 2011, the Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the Commissioner's final decision under 42 U.S.C. § 405(g). (R. 1.) Plaintiff filed the instant suit on August 9, 2011, seeking judicial review of the Commissioner's final decision.

### B.  The Summary Judgment Motions

In her January 13, 2012 memorandum, Plaintiff contends that the ALJ improperly accepted the opinion of a non-treating, non-examining physician, and rejected that of Dr. William Andrews, Plaintiff's long-term treating orthopedist, who determined that Plaintiff suffers from significant functional limitations and indicated that he supported Plaintiff's move to file for disability. *See* Pl.'s Mem. in Supp. 3-4. Furthermore, Plaintiff argues that her testimonial evidence concerning the intensity, persistence, and limiting effects of her pain and symptoms was uncontradicted, and that the ALJ failed to apply the proper standard in evaluating

her pain. *Id.* at 5-8. In short, Plaintiff contends that the ALJ committed reversible error by giving greater weight to the assessment of the state agency's medical expert, finding that her testimony was not entirely credible, and by concluding that her pain was not disabling.

In response, Defendant argues that the ALJ's decision that Plaintiff is not disabled is supported by substantial evidence. Defendant contends that Plaintiff's diagnostic studies, which include x-rays and MRIs, together with her examination findings in the record, refute her claim that she is disabled. Def.'s Mem. in Supp. 18-19. Defendant also states that the ALJ properly considered and weighed the evidence from Dr. Andrews, her treating orthopedist. Defendant contends that Dr. Andrews's July 16, 2010 opinion that Plaintiff had certain limitations of disabling severity is unsupported by his records, or those of his colleagues or Plaintiff's other health care providers. *Id.* at 23. Defendant also notes that Dr. Andrews's opinion is inconsistent with the assessment of the state agency medical expert, Dr. Bert Spetzler, and contends that the ALJ's decision to give Dr. Andrews's opinion little weight is supported by substantial evidence. *Id.* at 24.

Further, Defendant contends that the ALJ's judgment that Plaintiff's statements concerning the intensity and persistence of her pain were proper. Contrary to Plaintiff's assertions, Defendant argues that the ALJ properly evaluated the factors relating to Plaintiff's subjective complaints of pain—specifically, whether there was objective medical evidence of a medical impairment that could reasonably be expected to produce the pain or other alleged symptoms, and whether the intensity and persistence of Plaintiff's pain prevented her ability to work. *Id.* at 24 (citations omitted). Defendant contends that in the instant case, the medical evidence of record ran counter to Plaintiff's allegations, and notes that the ALJ's credibility

finding is entitled to great deference by the court. Thus, according to Defendant, the ALJ's conclusion that Plaintiff's pain is not disabling is supported by substantial evidence. *Id.* at 25-26.

### C. The Magistrate Judge's Report and Recommendation

Magistrate Judge Robert S. Ballou recommends denying Plaintiff's motion for summary judgment, and granting the Commissioner's motion. In his R&R, the Magistrate Judge addressed Plaintiff's contention that the ALJ erred in three regards: (1) by improperly dismissing the opinion of Dr. Andrews, her treating physician; (2) by discrediting her testimony that she suffers from severe and disabling pain; and (3) by improperly relying on a hypothetical presented to the vocational expert that was based on the limitations set forth by Dr. Spetzler, the state agency physician. (R&R 5.)

First, the Magistrate Judge noted that while the ALJ considered Dr. Andrews's opinion he gave it lesser weight, finding it inconsistent with the medical evidence on record. Instead, the ALJ adopted the assessments of the state agency medical expert, Dr. Spetzler, who completed a reconsideration of Plaintiff's residual functional capacity assessment in June of 2010. (R&R 5.) Given the clinical and diagnostic evidence on record, the Magistrate Judge concluded that the ALJ's decision to not give Dr. Andrews's opinion controlling weight—and to provide greater weight to the opinion of Dr. Spetzler—is supported by substantial evidence. (R&R 11.)

Second, the Magistrate Judge found that there is substantial evidence supporting the ALJ's decision to find that Plaintiff's testimony was not credible, to the extent that her statements concerning the intensity, persistence, and limiting effects of her impairments are inconsistent with the residual functional capacity assessment. The Magistrate Judge found that Plaintiff's medical records do not provide an evidentiary basis to corroborate her allegations that her pain is so severe that she is unable to perform any past relevant work, or any range of light

6

work or sedentary jobs. Significantly, the Magistrate Judge noted that Plaintiff's treatment has been relatively limited and conservative (*i.e.*, Plaintiff has not needed surgery), and Plaintiff's records do not show complaints or treatment for pain on or near the alleged onset date of August 31, 2007. (R&R 12.) Third, in light of his finding that there was substantial evidence to support the ALJ's decision to give Dr. Andrews's opinion lesser weight and afford considerable weight to Dr. Spetzler's assessment, the Magistrate Judge found that substantial evidence also supported the hypothetical questions presented to the vocational expert during Plaintiff's administrative hearing. (R&R 14.)

Plaintiff timely filed Objections to the R&R on February 22, 2013, arguing that the Magistrate Judge erred in finding substantial evidence to support the Commissioner's decision to not give greater weight to Dr. Andrews's opinion. Plaintiff also contends that it was "error in not finding the claimant's testimony concerning her limitations credible." Pl.'s Objections 1. In its two-page response, Defendant states that "Plaintiff's objections . . . merely restate, frequently verbatim, assertions in her brief in argument that opinions of one treating physician, Dr. Andrews, are dispositive on the issue of disability." D.'s Resp. to Pl.'s Objections 1. Because the Magistrate Judge, according to Defendant, "correctly and necessarily concluded that the [ALJ's] decision to give Dr. Andrews's opinion little weight and his decision that Plaintiff was not disabled under the Social Security Act is supported by substantial evidence," Defendant requests that the court deny Plaintiff's objections, and adopt the Magistrate Judge's R&R affirming the Commissioner's decision. *Id.* at 2.

## II. STANDARD OF REVIEW

A reviewing court must uphold the factual findings of the ALJ if they are supported by substantial evidence and were reached through application of the correct legal standard. *See* 42

7

U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Substantial evidence is not a large or considerable amount of evidence. *Pierce v. Underwood*, 487 U.S. 552, 555 (1988). Rather, it comprises "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)), and "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In determining whether the ALJ's decision was supported by substantial evidence, a reviewing court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for that of the ALJ. *Craig*, 76 F.3d at 589 (citation omitted). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Id*. (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Thus, even if the court would have made contrary determinations of fact, it must nonetheless uphold the ALJ's decision, so long as it is supported by substantial evidence. *See Whiten v. Finch*, 437 F.2d 73, 74 (4th Cir. 1971). Ultimately, the issue before this Court is not whether Plaintiff is disabled, but whether the ALJ's determination is reinforced by substantial evidence, and whether it was reached through correct application of the law. *Craig*, 76 F.3d at 589.

## III. DISCUSSION

### A. ALJ's Consideration of the Treating Physician's Opinion

Plaintiff argues that the Magistrate Judge erred in finding substantial evidence to support the Commissioner's decision to give greater weight to the opinion of Dr. Spetzler, the state agency physician, and lesser weight to the opinion of Dr. Andrews, Plaintiff's treating orthopedist. Courts give controlling weight to the medical opinions of a treating physician, so long as they are supported by medically acceptable clinical and laboratory diagnostic techniques, and so long as they are not inconsistent with other substantial evidence in the case record. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001) (citing 20 C.F.R. § 416.927). Where a treating physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590. If the ALJ does not give the treating physician's opinion controlling weight, the ALJ must provide specific reasons for the weight given to that physician's medical opinion, supported by evidence in the case record. *See* SSR 96–2p, 1996 WL 374188, at *5 (July 2, 1996).

I agree with the Magistrate Judge that the ALJ's decision to give Dr. Andrews's opinion lesser weight is supported by substantial evidence. Plaintiff met Dr. Andrews in mid-February 2009, at the Orthopaedic Center of Central Virginia, after Plaintiff had fallen on ice earlier that month. Plaintiff eventually based her disability application on the Medical Source Statement that Dr. Andrews completed on July 16, 2010, in which he reported her diagnosis of lumbar disc disease and left peroneal nerve pain and palsy. (R. 414-16.) In that three-page report, Dr. Andrews indicated that Plaintiff could rarely lift less than ten pounds, and that she could not stand, walk, or sit for more than two hours in a work-day. Dr. Andrews also noted that Plaintiff could never crawl, climb ladders, or push/pull with her left lower extremity, she could rarely

9

twist, stoop, crouch, kneel or climb stairs, and that she could only occasionally push or pull with her upper extremities. (R. 414-16.) Dr. Andrews found that Plaintiff's limitations were permanent and that she was unable to work, even at the sedentary level. (R. 416.)

However, as the ALJ and Magistrate Judge both noted, Dr. Andrews's opinion from July 16, 2010, is not supported by the medical evidence in the record, which includes radiographic results and findings from various physical examinations. (R. 20.) For starters, Plaintiff's claimed disability onset date is August 31, 2007. However, as the Magistrate Judge noted, relevant medical evidence on record does not begin until March 19, 2008, when Plaintiff was seen at Staunton River Family Physicians and diagnosed with bilateral plantar fasciitis with right great toe tenderness. (R. 282.) During a June 26, 2008 exam by the same doctor, Plaintiff exhibited a normal gait and 5/5 motor strength throughout. (R. 281.)

MRI examinations taken after Plaintiff's reported fall in February 2009 were negative as to her left knee (R. 306), and revealed edema and findings consistent with a grade II-III muscular strain in regards to her left lower extremity. (R. 313.) Later that month, Dr. Andrews noted edema but no significant knee or ankle pathology, as well as a normal neurologic examination in Plaintiff's lower extremity. (R. 305.) During a March 2009 examination, Dr. Andrews thought that Plaintiff was developing an "RSD type process" (R. 304), but noted during a follow-up exam in May that Plaintiff's swelling was much improved and instructed her to return as needed. (R. 303.)[1]

In October 2009, after Plaintiff continued to report left leg and lower back pain, Dr. Andrews suspected that Plaintiff had sustained a ligamentous knee injury and now had residual

---

[1] "RSD, or 'reflex sympathetic dystrophy,' is defined as '[a]n abnormal condition marked by pain, sweating, swelling, skin atrophy (withering), and redness or paleness, as a result of a disturbance of the sympathetic nervous system . . . It usually follows an injury to blood vessels or nerves (as in cases of a fracture or severe sprain).'" (R&R 8 n.2) (quoting J.E. Schmidt, *Attorney's Dictionary of Medicine*, Vol. V at R-67 (1999).

peroneal nerve symptomatology. (R. 302.) Dr. Andrews noted that while Plaintiff was not interested in physical therapy because of the cost, "she is able to function so she is content to give this more time." (R. 302.) In January 2010, Dr. Andrews administered steroid injections in her left fibula. (R. 301.) Still, an examination of Plaintiff on March 2, 2010, revealed 5/5 strength of all major muscle groups in both lower extremities. (R. 318.) Plaintiff was referred to a physical therapist, who on March 9th noted that Plaintiff walked with an antalgic gait and reported between 6-10 out of 10 constant pain in her lower leg. (R. 326-27.) On March 12th, Plaintiff reported 5/10 pain in her calf. (R. 330.)

As discussed, Dr. Andrews indicated that he supported Plaintiff's move to file for disability in July 2010. However, a November 2010 MRI of Plaintiff's lower lumbar spine was unremarkable, except for moderate disc degeneration. (R. 412.) Dr. Adam Shimer also noted that Plaintiff's physical exam "remains unremarkable", and that Plaintiff had poor effort with the entirety of her left lower extremity, intact sensation, equal reflexes, and a stable tandem gait. (R. 412.) Taken as a whole, the medical evidence on the record does not demonstrate the significantly decreased strength, sensation, or range of motion that would be expected for a patient suffering from major functional limitations.

Nor do the other medical opinions on record support Dr. Andrews's opinion that Plaintiff is unable to work due to significant functional limitations. On March 10, 2010, Dr. Richard Surrusco reviewed Plaintiff's medical files and found that Plaintiff could occasionally lift 20 pounds, frequently lift 10 pounds, and that she could stand or walk for two hours and sit for six hours in an eight-hour workday. (R. 192-93.) Dr. Spetzler, another state agency medical consultant, completed a reconsideration of Plaintiff's functional capacity on June 8, 2010, which included Dr. Surrusco's review and records sent by Dr. Andrews earlier that month. (R. 229-30.)

Dr. Spetzler's revised assessment differed from Dr. Surrusco's assessment only in that he found Plaintiff could actually stand or walk for six hours (rather than two hours), and that she could crawl occasionally (rather than never). (R. 233-34.)

Lastly, as noted in the R&R, while the ALJ did not give Dr. Andrews's opinion controlling weight, he did not simply disregard it. The ALJ gave Dr. Andrews's opinion "little weight", and instead adopted the limitations indicated by Dr. Spetzler, who had the most complete record to evaluate. (R. 20.) While Plaintiff is correct in noting that medical opinions of a disability claimant's treating physician are given controlling weight where the opinions are well-supported by medically acceptable diagnostic techniques and are consistent with other substantial evidence, *see* Pl.'s Objections 2, as discussed above, Dr. Andrews's opinion from July 16, 2010 is inconsistent with the medical evidence and opinions on the record. On the other hand, an ALJ may rely on evidence from a non-examining or non-treating physician if that opinion is consistent with the record. *See Kyle v. Cohen*, 449 F.2d 489, 492 (4th Cir. 1971). In the present matter, the ALJ sufficiently articulated why he decided to give Dr. Andrews's July 2010 opinion little weight, and provide greater weight to Dr. Spetzler's evaluation. (R. 20.) In sum, I find that the record contains substantial evidence to suggest that Dr. Andrews's July 2010 opinion deserved less than controlling force.[2]

## B. The ALJ's Credibility Assessment

Plaintiff also contends that "there is error in not finding the claimant's testimony concerning her limitations credible," which again mirrors an argument presented in her Motion

---

[2] Plaintiff also argues that the ALJ erred by not relying on the vocational expert's testimony that, based on Dr. Andrews's July 2010 opinion, there would be no jobs available to the claimant. Pl.'s Objections 3. However, as discussed above, *see* supra pp. 9-12, the ALJ relied on substantial evidence in deciding to give Dr. Andrews's opinion lesser weight, and to afford considerable weight to the assessment of the state agency examiner, Dr. Spetzler. Thus, substantial evidence also supports relying on the hypothetical questions presented to the vocational expert based on the limitations set forth by Dr. Spetzler, rather than those set forth by Dr. Andrews. (R. 42-45.)

for Summary Judgment. Pl.'s Objections 1; *see also* Pl.'s Mem. in Supp. 2 ("The Defendant committed reversible error by failing to assign 'substantial credibility' to the testimony of the Plaintiff . . . ."). Plaintiff alleged that her impairments caused a level of pain that barred her from substantial gainful activity. However, the Magistrate Judge agreed with the ALJ and found that the record shows substantial evidence to support the ALJ's decision that Plaintiff's testimony was not credible, to the extent that her statements concerning the intensity, persistence, and limiting effects of her impairments were inconsistent with her residual functional capacity assessment. (R. 18.)

It is not the role of this Court to determine whether Plaintiff's testimony was fully credible. *Craig*, 76 F.3d at 589. Rather, the question for the Court is whether the ALJ applied the proper legal standard in assessing Plaintiff's credibility, and whether the ALJ's decision is supported by substantial evidence. *Id.* The ALJ determines whether a claimant is disabled by pain by a two-step process. *Id.* at 594; *see* SSR 96–7p, 1996 WL 374186, at *2. First, the ALJ must find "objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities, and which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594 (quotations and emphasis omitted). If such evidence is found, the ALJ must then evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which [they] affect[ ] her ability to work." *Id.* at 595. Among other factors, when evaluating the claimant's credibility the ALJ should consider all evidence in the record, including "[d]iagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists." SSR96–7p, 1996 WL 374186, at *5. The ALJ's determination "must contain specific reasons" that "make

13

clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Id.* at *4.

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms. However, the ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not credible, to the extent that they were inconsistent with her residual functional assessment. (R. 18.)

For starters, the ALJ noted that Plaintiff's treatment, taken as a whole, has been relatively limited and conservative. Furthermore, the medical evidence does not suggest complaints or treatment for musculoskeletal pain on or near Plaintiff's alleged disability onset date (August 31, 2007). As the ALJ noted, Plaintiff has not needed any surgeries during this period, and repeated physical examinations have not revealed significantly decreased strength, sensation, or range of motion of any extremity on a consistent basis. (R. 20.) The ALJ specifically noted that Plaintiff's left leg pain had improved by May 2009, several months after her fall in February, and that Dr. Andrews stated that he was "happy with how she [was] doing" at that time. (R. 20, 303.) The ALJ also noted that physical therapy was discussed during an October 2009 visit with Dr. Andrews, but Plaintiff was not interested due to the cost and the fact that she was "able to function" and was content to "give this more time." (R. 20, 302.) Plaintiff's physical examination a year later was "unremarkable," and Dr. Shimer found that her reflexes were equal and that she demonstrated a stable tandem gait. (R. 20, 412.) In sum, the ALJ found that "the limited degree of treatment required and relatively benign physical examinations during the period at issue belie allegations of disabling symptoms or functional limitations." (R. 20.)[3]

---

[3] As noted by the Magistrate Judge, the ALJ also questioned whether the reason Plaintiff is not working is solely due to her impairments, given the fact that Plaintiff worked only sporadically or on a limited basis even before her

A reviewing court gives great weight to the ALJ's assessment of a claimant's credibility, and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. *See Shivley v. Heckler*, 739 F.2d 987, 989-90 (4th Cir. 1984). In considering the record, I agree with the Magistrate Judge's finding that there is substantial evidence to support the ALJ's determination that Plaintiff's testimony regarding the intensity, persistence, and limiting effects of her symptoms was not credible, to the extent that it was inconsistent with her residual functional capacity assessment.

## IV. CONCLUSION

After undertaking a de novo review of those portions of the R&R to which Plaintiff objected, I find that substantial evidence supports the ALJ's conclusions. Accordingly, I will enter an Order overruling Plaintiff's Objections, adopting the Magistrate Judge's R&R in full, granting the Commissioner's Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment, and dismissing this action and striking it from the active docket of the Court.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to all counsel of record, and to United States Magistrate Judge Robert S. Ballou.

Entered this  14th  day of March, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

alleged disability date. (R. 20.)